Graham, Judge,
delivered the opinion of the court:
This case embodies an effort to prove certain usages and practices of the Post Office Department in its dealings with the railroads in carrying mails, and an understanding growing out of these usages and practices, for the purpose of showing by reading this understanding into the writings and correspondence between the parties, that the contract rested upon a different basis and set of facts from those which the court held in the case of Delaware, Lackawanna & Western R. R. Co. v. United States, 51 C. Cls., 426; 249 U. S., 385, constituted a contract. The reading of this understanding into the contract, it is claimed, sustained the following contentions by the plaintiff:
*423 1. That the contract between the parties consisted of the sending of the distance circular, its receipt and return with the agreement clause signed, and the delivery of the mails, and the performance of the service. That the adjustment orders were not a part of the contract and were intended to and did evidence only the performance by the department of a statutory duty giving results of the weighings previously made, as the rate of pay had been fixed by law and would be based upon the weight of the mails taken during the weighing period.
2. That the contract was for a term of four years at the rate of compensation thereafter named in the adjustment order, and for no other period, without the right in the department to diminish the rate of compensation during that period.
3. That the expressions in the adjustment orders, “ unless otherwise ordered” and “subject to future orders,” were understood by the parties and were intended to have a more circumscribed meaning than that heretofore given them by the courts in the above and other cases, and did not cover nor were they intended or understood to apply to an order changing and reducing the rate and compensation during the period named in the order, but only to such matters as were covered by the rules, regulations, usages, and practices of the department, and that these did not embrace the right of the department to reduce the rate and compensation during said period; and that, in any event, as the alleged contract was for four years at a stated rate, a reservation in the adjustment orders, which it is alleged was not a part of the contract, could not alter the contract by reserving the right to do what was contrary to its terms.
In the argument of the case counsel for the plaintiff stated that it was desired to have the ultimate facts found by the court, which has been done. (Finding X.) The facts as found by the. court completely negative each and all of these contentions as to the character and terms of the contract between the parties, and leave in the case, as showing the actual contract, facts which, in substance (except as to the difference in the parties, dates, and amounts of compensation), are on all fours with those which were before *424 the Supreme Court and this court in the case of Delaware, Lackawanna & Western R. R. Co. v. United States, supra.
In this view of the matter it seems unnecessary to attempt any fuller discussion of the principles involved, and the decision here is grounded upon the decision in that case.
In that case it was held that the plaintiff could recover for the amount withheld through a reduction of its compensation, for the period which it rendered service under the original adjustment orders, prior to the date of its notification of the orders reducing the rate and its compensation, which was the 12th of September, 1907. The plaintiff was paid at the rate fixed by the original adjustment orders up to the 1st of July, 1907. It is therefore entitled to recover for the period between the 1st of July, 1907, and the 12th of September, 1907. Judgment for plaintiff in the sum of $1,157.94. It is so ordered.-
Hat, Judge; DowNey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.